IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Jason Weldon, #310039,                )
                                      ) CIVIL ACTION NO. 9:11-0159-DCN-BM
            Plaintiff,                )
                                      )
v.                                    )
                                      ) **REPORT AND RECOMMENDATION**
Sgt. Mitchell Odom; Sgt. Shawanda     )
Washington, and Ms. NFN Jones,        )
Counsel Substitute,                   )
                                      )
            Defendants.               )
_____)

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections (SCDC), alleges violations of his constitutional rights by the named Defendants.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on June 8, 2011. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on June 10, 2011, advising Plaintiff of the importance of a motion for summary judgment and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion on July 5, 2011.

Defendant's motion is now before the Court for disposition.[1]

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for
(continued...)



**Discussion**

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991). Once the moving party makes this showing, however, the opposing party must respond to the motion with specific facts showing there is a genuine issue for trial. Baber v. Hosp. Corp. of Am., 977 F.2d 872, 874-75 (4th Cir. 1992). Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the arguments and evidence presented, the undersigned finds and concludes that the Defendants are entitled to summary judgment in this case.

Plaintiff alleges in his verified Complaint[2] that on March 19, 2010 he was "viciously

---

[1](...continued)
all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.

[2] In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff
(continued...)



2

assaulted" by the Defendants Officer Shawanda Washington and Officer Mitchell Odom. Plaintiff asserts that both of these Defendants are guilty of constitutionally excessive use of force. The Defendant Jones was apparently a counsel substitute for Plaintiff during disciplinary proceedings, who Plaintiff apparently contends did not properly perform her duties. Plaintiff seeks monetary damages. See generally, Verified Complaint. Defendants argue in their motion, inter alia, that this case should be dismissed for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit, and the undersigned agrees.

Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claims in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendants have the burden of showing that Plaintiff failed to exhaust his

---

²(...continued)
has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 127 S.Ct. 910 (2007). To meet this burden, the Defendants have submitted an affidavit from Ann Hallman, who attests that she is employed by the SCDC as Inmate Grievance Administrator. Hallman attests that under the SCDC grievance procedure, an inmate is to first attempt to informally resolve a complaint by either submitting a Request to Staff Member form or by discussing their complaint with the appropriate supervisor. If the inmate is not able to resolve his complaint informally, he is required to complete a Step 1 Grievance Form and submit it to the designee assigned by the Warden. After an investigation by the Inmate Grievance Coordinator, the Warden then reviews the investigation and recommendations made and writes his decision in response to the inmate on the Step 1 form. If the grievance is denied by the Warden, the inmate may then appeal the Warden's decision by filing a Step 2 Grievance Form which is sent to the grievance branch office in Columbia. Hallman also attests that even if the Step 2 appeal is denied, an inmate may still seek administrative review and decision by the State Administrative Law Court, although for purposes of exhaustion of Plaintiff's claim, Plaintiff would only have to have completed the grievance process through the Step 2 grievance appeal. See Johnson v. Ozmint, 567 F.Supp. 2d 806, 820, n.5 (D.S.C. 2008); Duncan v. Langestein, No. 07-268, 2008 WL 153975 at * 5 (D.S.C. Jan. 14, 2008) (citing Charles v. Ozmint, No. 05-2187, 2006 WL 1341267 at * 4 n. 4 (D.S.C. May 15, 2006) (recognizing that completion of Step 2 grievance exhausts administrative remedies and § 1997(a) does not require inmates to further appeal to Administrative



Law Court.)); <u>Ayre v. Currie</u>, No. 05-3410, 2007 WL 3232177 at * 7 n.5 (D.S.C. Oct. 31, 2007).[3]

Hallman attests that she has reviewed the SCDC records for the grievances submitted by the Plaintiff, that Plaintiff submitted a Step 1 Grievance (Grievance No. ACI-0339-10, a copy of which is attached to her affidavit as Exhibit A) regarding this incident, but that the grievance was unprocessed because it did not provide all the required information.  A review of the exhibit Step 1 Grievance form shows that it contains a response setting forth the problems with the grievance and giving Plaintiff until April 28, 2010 to refile a proper grievance.  <u>See</u> Attached Exhibit A.  Hallman attests, however, that Plaintiff did not file a proper grievance regarding this incident, and therefore did not exhaust his administrative remedies regarding the claims asserted in this lawsuit.  <u>See generally</u>, <u>Hallman Affidavit</u>, with attached Exhibit A.

Plaintiff does not argue in his response that he exhausted his administrative remedies through completion of the grievance process.[4]  Plaintiff instead attaches a copy of his Step 1 Grievance Form to his response to Defendants' motion, and, noting that it does not contain his signature, states that "there is a possibility that I never received the grievance back to file a Step 2 . . . ."  Plaintiff does not definitively state, however, either under penalty of perjury or otherwise, that

---

[3] If, however, a prisoner wishes to attack a conviction or sentence imposed by a prison disciplinary official, he or she must exhaust both steps of the prison grievance process and also appeal the Step 2 decision to the state ALJ Division before his remedies may be said to be exhausted.  <u>See</u> <u>SCDC Inmate Grievance System Procedures Issued 1-1-2006</u>, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); <u>Furtick v. South Carolina Dep't of Corr.</u>, 649 S.E.2d 35 (S.C. 2007); <u>see</u> <u>also</u> <u>Dicks v. South Carolina Dep't of Corr.</u>, No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). <u>Cf.</u> <u>Braden v. 30th Judicial Circuit Ct.</u>, 410 U.S. 484, 490-91 (1973).  Plaintiff is not challenging a disciplinary conviction in this case.

[4] Plaintiff also acknowledges in his verified Complaint that, at the time he filed this lawsuit, he had filed a grievance but had not yet received any final agency/departmental/institutional answer or determination concerning this matter.  <u>See</u> <u>Verified Complaint</u>, Section II.



he did not receive his grievance back, nor has Plaintiff (assuming such a "possibility") submitted copies of any requests he made for his grievance or concerning the status of his grievance, or any other evidence, to show that he in fact either exhausted his administrative remedies with respect to this claim or was prevented from doing so by prison officials.  See Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 818 (4th Cir. 1995)[explaining that while the party opposing summary judgment is entitled to the benefit of inferences that can be drawn from the evidence, "[p]ermissible inferences must still be within the range or reasonable probability" and that ["[w]hether an inference is reasonable cannot be decided in a vacuum; it must be considered in light of the competing inferences to the contrary" (internal quotation marks omitted)].

As previously noted, before Plaintiff may proceed on his claim in this Court he must first have exhausted the administrative remedies that were available to him at his prison, and the undersigned finds that the arguments and evidence submitted satisfy the Defendants burden of showing that Plaintiff failed to do so.  Porter v. Nussle, 534 U.S. 516 (2002) [exhaustion required for all actions brought with respect to prison conditions]; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"]; Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility].  Therefore, as there is not a sufficient question of fact with respect to this issue to survive summary judgment, this case should be dismissed.  Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000)["It is beyond the power of this court - or any other to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."](quoting Beeson v. Fishkill Corr. Facility, 28 F.Supp. 2d 884, 894-895 (S.D.N.Y. 1998)); see also Jacobs v.



Pennsylvania Dep't of Corrections, 148 Fed. Appx. 107 at * * 2 (3d Cir. 2005)[Case dismissed for failure to exhaust where although Plaintiff alleged that he had documents to show exhaustion, he never filed the documents and made no other attempt to support his bare assertion]; Harvey v. City of Philadelphia, 253 F.Supp.2d 827, 829 (E.D.Pa. 2003) [Summary judgment granted where Plaintiff claimed to have exhausted administrative remedies, but did not present any evidence to challenge defendants' evidence that he did not pursue his administrative remedies].

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed,** without prejudice, for failure of the Plaintiff to exhaust his administrative remedies.

The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

July 12, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

